HACKNEY, JUDGE:
Claimant Michael G. Kukoleck brought this action against Respondent Division of Highways for injuries resulting from a motor vehicle accident that occurred on Route 82 near the community of Birch River in Nicholas County. Claimant alleges that Respondent Division of Highways was negligent as a result of its failure to remove a rock which was purportedly obstructing the roadway. The threshold issue is whether the evidence of record supports Claimant’s allegation of negligence. Because we hold that it does not, it is unnecessary to address any issue concerning Claimant’s injuries.
Claimant, who at the time, lived approximately five miles from the community of Birch River in Webster County, left his house on February 24, 2004, at approximately 6:00 a.m. and entered Route 82 in the direction of Summersville. Thereafter, upon arriving at the juncture with Route 19 he diverged onto Route 19 into Becldey with the ultimate goal of purchasing plumbing supplies for a residential construction project he was undertaking. After obtaining the plumbing supplies, he returned from Becldey on Route 19 and at Birch River he reentered Route 82 heading east toward his residence, the site of the construction project. Claimant testified he entered a bend in the road after leaving a reduced speed school zone and encountered a large rock which completely obstructed the lane of travel in which he was proceeding.[13] Claimant testified a log truck and coal truck were proceeding toward him in the opposite lane and, as a consequence, he was unable to avoid hitting the rock with his vehicle.[14] Claimant indicated that as a result of the collision, the rock was split in two and claimant’s vehicle tumbled into a ditch, hit a culvert and rolled over. The time of the collision was approximately 1:20 p.m. To the extent claimant had a lengthy and substantial history involving pre-existing spinal and nerve-related injuries, he presented credible evidence that he sustained spondylolisthesis[15] and disk herniation to his thoracic spine, both of which, according to uncontested chiropractic *98 testimony, were consistent with trauma from the wreck.
Other than Claimant’s own testimony, the evidence presented in support of Claimant’s allegation of Respondent’s negligence was principally obtained from the testimony of Michael Ray Atkinson, a thirty-five to forty-year acquaintance of the Claimant. Mr. Atkinson testified under direct examination that on the day in question, at approximately 9:00 a.m., he saw a large rock lying in the road in the vicinity where Claimant’s accident later occurred. He indicated he went to Birch River and called the Division of Highways to report the rock. He proceeded on to Summersville and upon returning at approximately 11:30 a.m. on the same day, he noticed the rock was still there. He testified that he, therefore, called the Division of Highways a second time to report the rock. During both telephone conversations, according to Mr. Atkinson, he spoke with an unknown person or persons who indicated the Division would come out and remove the rock.
Under cross-examination, he indicated he didn’t remember the exact date he called. Nor did he remember where he was going to in Summersville when he first observed the rock. Fie couldn’t remember from where he called to report the rock, but indicated it was either the local Go-Mart or Sunoco station in Birch River. Also under cross examination, he estimated the size of the rock to be eight feet in width. He further indicated it completely obstructed the easterly lane of travel on Route 82 while protruding into the westerly lane of travel as well[16] He couldn’t remember which Division of Highways office he called,[17] nor from where he obtained the telephone number.
In response to the testimony of Mr. Atkinson, the Respondent Division of Highways called John Jarrell, a thirty-two-year employee familiar with Route 82 who for the last eleven years has worked as the Highway Administrator in Nicholas County. Division headquarters for Nicholas County is located in Summersville. According to Mr. Jarrell, Route 82 is a first priorty road which is paved and which has approximately twenty feet of clearance from side to side in the area of the accident. The posted speed limit is 45 miles per hour and the ADT (i.e., average daily traffic) consists of four hundred to six hundred vehicles. Mr. Jarrell testified that his office has no record of any call made concerning the existence of the subject rock. Based on his experience as a Highway Administrator and in consideration of the average volume of daily traffic on Route 82, he opined that it would have been exceedingly unusual not to have received telephone reports concerning a rock the size as described by Mr. Atkinson and the Claimant obstructing the roadway for nearly four and one half hours. During his tenure as Highway Administrator in Nicholas County he cannot recall any rock slides occurring in the specific area of Claimant’s accident. However, according to Mr. Jarrell, falling rock warning signs exist approximately one quarter to one half mile on either side of the location of the instant accident.
Claimant also called Doyle McCoy as a witness. Mr. McCoy, the driver of *99 the coal truck that was proceeding on Route 82 in the opposite direction of Claimant’s vehicle at the time of the accident, observed Claimant’s pick-up truck coming towards him. Mr. McCoy indicated the Claimant’s truck had dual rear wheels that caused the truck to be wider at the rear axle than in the front. Though he did not see a rock blocking Claimant’s lane of travel, he did see the rear dual wheels on the passenger side of Claimant’s truck hit a rock that was situated on or near the white fog line on the edge of the road. This caused the Claimant to lose control - precipitating the wreck. According to Mr. McCoy, the Claimant did not have time to react to the rock. Further, it appeared the Claimant was attempting to avoid Mr. McCoy’s truck as it came towards him.
On cross-examination, Mr. McCoy reiterated the rock was “almost on the white line,” i.e., it was on the “edge” of the road. Also on cross-examination, Mr. McCoy indicated the Claimant was not forced over to the edge because of his oncoming coal truck because the coal truck was located substantially “down the road” from Claimant’s vehicle at the time of the accident. Mr. McCoy estimated the Claimant’s vehicle came to a halt approximately fifty yards past the rock. Further, when Claimant’s vehicle struck the rock, he was 200 feet in front of Mr. Doyle’s truck, which was proceeding toward the Claimant at a speed between fifteen to twenty miles per hour.
Paul Kutcher of the Nicholas County Sheriffs Department investigated the accident. Deputy Kutcher stated that shortly after his arrival on the scene he observed what appeared to be the rock involved in the accident positioned off the roadway and outside the white fog line on the side of the road “going toward Cowan.”[18] Deputy Kutcher estimated the size of the rock to be approximately that of “a small waste paper basket” - “a couple feet wide.” Deputy Kutcher also indicated that based on Mr. McCoy’s description of the accident taken at the scene, if Claimant had actually hit the rock “it wouldn’t have moved very far” to where Deputy Kutcher first encountered it.
It is the well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dep’t of Highways, 16 Ct. Cl. 68 (1985).
In the instant case, the testimony of Michael Ray Atkinson, while facially appearing to justify an award to the Claimant, is suspect. This testimony cannot be reconciled with other seemingly credible testimony and the reasonable inferences drawn therefrom which cause the former testimony to appear lacking in trustworthiness.
The Court finds that the testimony of Mr. Atldnson, fails to provide a basis upon which a finding of negligence on the part of the Respondent can be premised - for several reasons.
First, Mr. Atkinson’s stated memory ofthe events surrounding the telephone calls he purportedly made to Respondent is extremely poor. He doesn’t remember which Office of the Respondent he called, from where he called, how he obtained Respondent’s telephone number, or with whom he talked. While his longstanding *100 acquaintanceship with Claimant is not a disqualifying factor, it is a matter to be considered in view of the existence of other testimony from seemingly disinterested witnesses. In this case, such disinterested witnesses include Doyle McCoy and Deputy Paul Kutcher. It is not possible to reconcile Mr. Atkinson’s testimony (or the Claimant’s) with the contrasting testimony of these eyewitnesses. The most obvious discrepancies involve the size of the alleged rock and where it was positioned in the roadway. In order to believe Mr. Atkinson’s account of rock size and its position on the road, one must not only discount the eyewitness accounts of Doyle McCoy and Deputy Kutchner, but one must also believe that the existence of a boulder - blocking the entire eastbound lane of traffic for nearly four and one half hours on apriorfy one road where between four hundred to six hundred vehicles pass on a daily basis - would go unreported for that length of time.[19] Therefore, this Court concludes that credible evidence does not exist to support Claimant’s assertion of negligence against Respondent.
In accordance with the foregoing findings of fact and conclusions of law, the Court is of the opinion to and does deny this claim.
Claim disallowed.

Claimant indicated on the Notice of Claim he filed with the Court that “[h]e noticed a rock on the side of the road on the white line.” This statement appears consistent with the observation of the eye-witness, Doyle McCoy, who testified via telephone. Mr. McCoy, who was proceeding in a westerly direction on Route 82 at the time of Claimant’s accident, indicated the rear end of Claimant’s truck was equipped with “dual wheels” which appeared to hit a rock which was situated on or near the edge of the roadway where the white fog line was located. Mr. McCoy did not notice the rock until Claimant’s rear tires hit it. Mr. McCoy further indicated the portion of Route 82 wherein the accident occurred is very narrow (“barely wide enough” for two vehicles to pass) and that Claimant did not have time to react to the rock.

Doyle McCoy was proceeding toward the Claimant’s vehicle in a coal truck with a load of stone.

Anterior slippage of a spinal body in the lumbar region onto the sacrum.

Inconsistently, on redirect examination, the witness testified the rock did not cover the entire lane, but made the lane “impassable.”

The closest Division of Highways Offices are located in Muddlety and Summersville. While the Muddlety Office is geographically closer to the location of the accident, it is in Webster County, not Nicholas - the County in which the accident occurred.

That is, on the side of the road from which easterly travel proceeds, next to the hillside.

While some suggestion exists in the record that a concerned citizen would most likely have contacted Respondent’s Office in Muddlety in Webster County due to geographical closeness to the accident, neither party saw fit to present the records from that Office.